UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY HALL | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 13 CV 7645 |
| | ) | |
| Officer JUNG, STAR NO. 13387 | ) | Judge Lee |
| Officer WHITE, STAR | ) | |
| NO. 16281, | ) | Magistrate Judge Kim |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S PETITION FOR PERMISSION TO PROCEED WITH REBUTTAL EXPERT DR. JAMES A. WILLIAMS**

Defendants Officer Jung and Officer White, by their attorneys, respectfully requests that this Court deny Plaintiff's request to proceed with his rebuttal expert, Dr. James A. Williams and in support of this request, Defendants state as follows:

1. Plaintiff's Motion to name a rebuttal expert should be denied for three reasons: One, Plaintiff's expert is not a rebuttal expert. Since Defendants did not disclose an expert pursuant to 26(a)(2) there is nothing to rebut. Two, Plaintiff's motion is essentially a Motion to Reconsider a Motion to Reconsider. Plaintiff did not disclose an expert in a timely manner in accordance with Rule 26(a)(2) and as such Plaintiff's initial expert Dr. Gaut was stricken by Magistrate Judge Kim. Plaintiff filed a Motion to reconsider this order striking Plaintiff's expert and was denied. This is essentially Plaintiff's attempt to request this court to reconsider a denial of his first Motion to Reconsider which is improper procedurally and is not allowed under the rules.[1] Three, Plaintiff asserts that his expert was hired and completed his report in reliance on Defendants' disclosure of Sgt. Snelling. This is false. Plaintiff's purported expert report

---

[1] It should also be noted that Plaintiff failed to file objections to a magistrate's decision within fourteen days as required by Fed. R. Civ. Pro. 72.

attached as an exhibit to his Motion is dated August 27, 2014. Defendants did not name Sgt. Snelling until September 8, 2014. As discussed in detail below, Plaintiff's motion to name a rebuttal expert should be denied.

2. The parties to this matter have engaged in numerous motions and hearings related to expert discovery. All of these filings and hearings have occurred in front of Magistrate Judge Kim. In an effort to educate this Court as to those filings and hearings as well as Judge Kim's previous rulings Defendants have set forth below a brief summary.

3. On June 30, 2014, Plaintiff filed his "Motion for Leave to Disclose Expert" stating that he had already consulted with an expert and requesting leave to amend his disclosure to name a "police brutality expert." (Dkt. 52.)

4. On July 1, 2014 Magistrate Judge Kim granted Plaintiff's Motion to identify an expert and set out a schedule which required Plaintiff to serve his Rule 26(a)(2) disclosure by July 31, 2014. (Dkt. 54.)

5. On July 14, 2014 Plaintiff filed his "Supplemental Disclosers Pursuant to Rule 26(a)(1)(B)" listing William T. Gaut, PhD who appeared to be an expert set forth to opine on the medical care provided to Plaintiff as well as the Defendant Officers' use of force and police procedures. (Dkt. 55.)

6. Believing that Plaintiff was actually attempting to disclose William Gaut as an expert pursuant to 26(a)(2) and in an effort to avoid further motion practice, on July 23, 2014 counsel for Defendants sent counsel for Plaintiff a letter advising that if Plaintiff's intention was to disclose Mr. Gaut as an expert there is additional information that is required under the federal rules that Plaintiff had failed to provide to Defendants. Counsel for Defendants requested that

this information be provided by July 31, 2014, the deadline imposed by this court. (See attached Exhibit 1, letter dated July 23, 2014).

7. On July 31, 2014, counsel for Defendants received an email from Ms. Soto, a paralegal with Plaintiff's Counsel's office forwarding Mr. Gaut's CV. (See attached Exhibit 2, email dated July 31, 2014).

8. Plaintiff failed to comply with the requirements of Rule 26(a)(2)(B). Plaintiff failed to provide a written report – prepared and signed by the witness- containing (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming these opinions; (iii) any exhibits that will be used to summarize or support his opinions; (iv) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (v) a statement of the compensation to be paid for the study and testimony in the case – by the July 31, 2014 deadline set by this Court. Additionally, Plaintiff failed to file a Motion to extend time to fully comply with Rule 26(a)(2).

9. Because the disclosure for Mr. Gaut references a report, on August 1, 2014 Defendants' counsel again reached out to Plaintiff's counsel to advise that she had not received a report for Mr. Gaut. (See attached Exhibit 3, email sent August 1, 2014.)

10. On August 1, 2014 Plaintiff's counsel sent an email that is somewhat difficult to understand, but which states at the end that a report "is forthcoming". (See attached Exhibit 4, email sent August 1, 2014). Plaintiff's counsel failed to explain when this report would be provided or why Counsel failed to move to extend time to disclose the expert report and to comply with the remaining requirements of Rule 26(a)(2).

11. On August 5, 2014, Plaintiff's counsel emailed Jessica Griff, one of the attorneys assigned to this case, but not the attorney corresponding with Plaintiff's Counsel regarding any expert discovery issues who had inquired about the expert's report. This email is equally difficult to understand. The email states that Plaintiff's expert has advised he needs "to five business days to complete his expert report and that he can give us a deposition well before the deadline of August 30 so within 10 days of the report." (See attached Exhibit 5.)

12. Due to Plaintiff's failure to comply with the Court's order, on August 6, 2014, Defendants' moved to strike Plaintiff's disclosure. (Dkt. 64.)

13. On August 7, 2014, at approximately 4:30 p.m. the undersigned counsel, Dana M. Pesha, received a call from Dr. William Gaut asking that the undersigned please call him back regarding the above-captioned case. The undersigned counsel was away from her desk and did not receive this voicemail until after 5:00 p.m.

14. At approximately 5:00 p.m. on that same date Defendants' counsel received an email addressed to Jessica Griff from Dr. William Gaut stating as follows:

> It has come to my attention that I have been disclosed as the Police Practices Expert in the above styled case, and that certain information pertaining to my testimony, report disclosure, and availability for deposition has been disclosed to you and the Court via a Motion filed by Ms. Elrabadi, and subsequent email communications to you and Dana Pesha.
>
> I have advised Ms. Naderh Hana Elrabadi that I will **not** be serving as the expert in the case.
>
> I am not quite sure of the ethical ramifications of this communication, so I will say nothing further at this time.
>
> You may contact me at 239-593-8033, if further discussion is deemed necessary and is within ethical boundaries.

(See attached Exhibit 6.)

15. Prior to returning Dr. Gaut's call the undersigned counsel wanted to clarify whether Dr. Gaut had been retained so as to not violate any ethical considerations in contacting an opposing party's retained expert directly and sent an email, on August 7, 2014, asking whether Dr. Gaut had been retained by Plaintiff. (See attached Exhibit 7.)

16. In response to the undersigned counsel's email Dr. Gaut sent an email on August 9, 2014 and stated as follows:

> After an initial phone conference on July 10, 2014, I sent my credentials and fee schedule via email and was advised by reply email on July 11th that I was retained as a police practices expert. I was retained by Ms. Elrabadi, who sent the required monetary retainer (mailed on July 11, 2014 and received by me on July 15, 2014).
>
> Due to a series of inaccurate information provided to the Court and to your office, I elected to withdraw from the case. My decision has been transmitted to, and acknowledged by, Ms. Elrabadi.
>
> To be clear, I will not be acting as the expert in this case.

(See attached Exhibit 8.)[2]

17. Based on the above statements of Plaintiff's retained expert it is clear that Plaintiff's counsel was advised as of at least August 7, 2014 that Dr. Gaut would not be acting as an expert in this case. (See, Exs. 6, 8.)

18. Notwithstanding this knowledge Plaintiff made no effort to withdraw Dr. Gaut or to even reach out to Defendants' counsel to advise that Dr. Gaut would not be an expert in this case.

19. Plaintiff failed to respond to Defendants' Motion to Strike and on August 18, 2014 Judge Kim entered an order granting Defendants' Motion to Strike. (Dkt. 72.)

---

[2] It should also be noted that even though Plaintiff's counsel was in possession of Dr. Gaut's fee schedule as early as July 10, 2014, no such schedule was ever tendered to Defendants.

5

20. The Court then entered an order requiring that Defendants file a status report by September 8, 2014 stating whether or not they intended to name an expert in the case. (Dkt. 54). On September 10, 2014, the Defendants were ordered to disclose a report by their named expert, Sgt. Larry Snelling of the Chicago Police Department, by October 8, 2014.

21. After careful consideration Defendants determined that the expert was not necessary and advised the Court, and Plaintiff's counsel, of such via a status report filed October 7, 2014. (Dkt. 80).

22. Plaintiff is correct that the undersigned was contacted by a paralegal working with Plaintiff's counsel's firm requesting a copy of the expert report as well as dates Sgt. Snelling would be available for deposition. This call was received on September 19, 2014, over two and a half weeks before the report was due and almost a month before the deposition date was ordered to be set. The undersigned advised that the report was not yet prepared and that dates had not yet been obtained as to Sgt. Snelling's availability but that Defendants would comply with the Court order and provide the report and dates as set forth in this order.

23. Plaintiff's motion should be denied for three reasons. First, Plaintiff's proposed expert is not a rebuttal expert but rather an attempt to name an expert to support Plaintiff's position after the time to do so has lapsed. As Defendants have not named an expert there is nothing for Plaintiff's expert to rebut. "The very *sine qua non* of rebuttal evidence is "to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *United States v. Grintjes,* 237 F.3d 15 876, 879 (7th Cir. 2001) (citing *United States v. Papia,* 560 F.2d 827, 848 (7th Cir.1977). Plaintiff is merely attempting to bolster his position at this late date by naming an expert.

24. Second, Plaintiff's Motion is nothing more than yet another attempt to name an expert in an untimely manner. Plaintiff was given an opportunity to name an expert in July 2014 but failed to disclose the expert as required by Rule 26(a)(2) within the allotted time. (See Dkt. 72, 75.) Contrary to his assertion, Plaintiff did not file a motion to extend time to disclose an expert. A review of this court's docket will confirm as much.

25. Third, any purported expense incurred by Plaintiff should not be taken into consideration as it appears from the report that Plaintiff attaches as an exhibit to his motion that this purported rebuttal expert report was prepared on August 27, 2014, a week and a half before Defendants even stated that they intended to name an expert (See Dkt. 77), and not in reliance on Defendants intent to name an expert as Plaintiff states. (Mot. ¶5.)

26. To the extent that this Court agrees with Defendant and believes that Plaintiff's motion is nothing more than a Motion to Reconsider it should be noted that To prevail on a motion to reconsider the movant must "demonstrate a manifest error of law or present newly discovered evidence." *Marmi E. Graniti D'Italia Sicilmarmi S.p.A. v. Universal Granite & Marble*, 757 F. Supp. 2d 773, 784 (N.D. Ill. 2010). Here, Plaintiff has done neither. Plaintiff fails to cite to a single case in support of his request and presents no new evidence which he could not have presented previously.

27. Plaintiff's dilatory manner of attending to this case, and repeated violations of Judge Kim's Courts orders and this Court's rules as well as his misrepresentations to the Court should not be rewarded. Plaintiff has had every opportunity throughout this litigation to complete the discovery he desired within the time limits provided by this Court or he could have filed requests for additional time. Time after time Plaintiff has waited until after a discovery deadline has passed to request leave to complete discovery and each time alleges that he is

prejudiced by this Court's orders denying his requests. Additionally, Plaintiff's requests are replete with mischaracterizations and contradicting information in support of the requests for additional time.

28. Further, Plaintiff's inability to comply with this Court's deadlines has led to significant motion practice that has required Defendant's to unnecessarily expend their resources responding to Plaintiff's statements to this Court.

29. Plaintiff's behavior should not be endured by this Court much less rewarded with additional time to complete discovery, including naming an expert, which should have been done by the end of July.

30. Furthermore, Plaintiff seeks to disclose a "police brutality" expert who, would set forth opinions that the officers in this case used excessive force during the arrest of Plaintiff. Such police procedure experts are often barred by the Court because their opinions usurp the jury's power. See, *Davis v. Duran*, 277 F.R.D. 362, 371 (N.D. Ill. 2011). But even if this Court would consider such an expert, the Plaintiff failed to provide any information regarding this potential expert during the timeline ordered by Judge Kim, and his request should be denied.

Wherefore for the above and foregoing reasons, Defendants request this this Court deny Plaintiff's Motion to Reconsider Magistrate Judge Kim's August 18, 2014 Order.

Respectfully submitted,　　　　　　　　　　　　　　　　　　Dated: October 20, 2014

*/s/ Dana M. Pesha*
Dana M. Pesha
Assistant Corporation Counsel
Federal Civil Rights Litigation Division
30 N. LaSalle St., Suite 900
Chicago, IL 60602
(312) 744-3982
Dana.Pesha@cityofchicago.org

## **CERTIFICATE OF SERVICE**

  The undersigned attorney, being first duly sworn upon oath, deposes and states that a copy of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S PETITION FOR PERMISSION TO PROCEED WITH REBUTTAL EXPERT DR. JAMES A. WILLIAMS** was served using the CM/ECF system, which will send notification of such filing to all counsel of record on this 21st day of October, 2014.

                */s/ Dana M. Pesha*
                Dana M. Pesha
                Assistant Corporation Counsel